IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| WILLIAM GEORGE PRODUCE CO., INC. | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 9:24-cv-35 |
| | § | |
| PACIFIC VENTURES GROUP, INC d/b/a | § | |
| SEAPORT MEAT COMPANY | § | |
|    *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, William George Produce Co., Inc., and files this Original Complaint complaining of and against Defendant Pacific Ventures Group, Inc. d/b/a Seaport Meat Company and would respectfully show unto this Honorable Court the following:

### A. PARTIES

1. Plaintiff, William George Produce Co., Inc., is a Texas Corporation with its principal office in Lufkin, Angelina County, Texas.

2. Defendant Pacific Ventures Group, Inc. is a Delaware corporation with its principal office at 117 West 9th Street, Suite 316, Los Angelas, California 90015. Seaport Meat Company is a subsidiary of Pacific Ventures Group, Inc. (hereinafter "Defendant"). Pacific Ventures Group Inc. d/b/a Seaport Meat Company may be served with process by serving its registered agent, VCORP Agent Services, Inc. c/o Amanda Garcia 330 N Brand Blvd, Glendale, CA 91203 by U.S. Certified Mail Return Receipt Requested.

### B. JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because plaintiff and defendant are citizens of different states, and the amount in controversy exceeds $75,000.00,

excluding interest and costs.

## C. VENUE

5.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## D. CONDITIONS PRECEDENT

6.     All conditions precedent have been performed or have occurred.

## E. FACTS

7.     Plaintiff is a wholesale foodservice distributor servicing restaurants and food vendors in East Texas, Western Louisiana, Southeastern Arkansas, and Southwestern Oklahoma.    Plaintiff's principal office is in Lufkin, Angelina County, Texas.    Plaintiff has been in business since 1932 and has developed customer relationships with large food processors like Tyson Foods, Inc.  Through the development of these relationships, Plaintiff can purchase large quantity shipments of meat products from companies like Tyson Foods, Inc. and then distribute those items to Plaintiff's customers.

8.     Defendant, Pacific Ventures Group, Inc. represents it is an investment group concentrating in consumer products in food, beverage, and alcohol related industries.    Pacific Ventures Group, Inc. represents Seaport Meat Company is a subsidiary of Pacific Ventures Group, Inc. and operates as a purveyor of meat products and related sundries to restaurants and butcher shops.

9.     In July of 2023, Defendant approached Plaintiff at Plaintiff's office in Lufkin, Angelina County, Texas with the proposition of purchasing meat products from Plaintiff.    Defendant did not have the ability to purchase directly from suppliers like Tyson Foods, Inc. and needed the services of a distributor like Plaintiff to do so.    Defendant had also reached out to Plaintiff expressing an interest in possibly purchasing Plaintiff and expanding Defendant's operations into Texas.

10. Beginning in August of 2023, Defendant placed four orders with Plaintiff for the shipment of beef products to be delivered on a weekly basis. Plaintiff processed the orders and submitted invoices to Defendant for payment. The following invoices were properly and duly submitted to Defendant:[1]

1. Invoice #1223729 dated August 8, 2023 in the amount of $157,381.51
2. Invoice #1225586 dated August 21, 2023 in the amount of $156,117.89
3. Invoice #1226222 dated August 24, 2023 in the amount of $154,649.07
4. Invoice #1228078 dated September 6, 2023 in the amount of $155,016.91.

11. Under the payment terms, Defendant was to pay Plaintiff weekly for each shipment prior to the next shipment being delivered. The typical manner of payment in this industry is by wire transfer of funds from Defendant's bank account to Plaintiff's account over the "ACH," or Automated Clearing House Network. However, after the first shipment was ordered by Plaintiff, Defendant notified Plaintiff it would need to pay by American Express credit card instead. Plaintiff advised Defendant that Defendant would be responsible for all credit card surcharges if Defendant chose to pay by credit card. Defendant agreed to be responsible for the surcharges.

12. The total owed Plaintiff for the four shipments is $623,165.38. As of the filing of this Complaint, Defendant has only paid $291,362.09 leaving a balance still due and owing of $331,803.29.

13. All costs of purchasing and shipping the meat products ordered by Defendant were paid by Plaintiff using ACH wire transfer of funds from Plaintiff at the time the orders were placed. Because Defendant did not pay timely, Plaintiff has had to carry the balance owed by Defendant and incur significant interest charges it would not have incurred had Defendant paid its bill.

14. This business transaction was initiated by Defendant reaching out directly to Plaintiff at

---

[1] See invoices attached as Exhibit A.

Plaintiff's office in Lufkin, Texas.   Defendant's orders were submitted by Defendant to Plaintiff's office in Lufkin.   From Plaintiff's office in Lufkin, Plaintiff has: (1) purchased the meat products directly from Tyson Foods, Inc.; (2) paid Tyson Foods directly by ACH at the time the orders were placed; (3) arranged for pick up and shipment of each order from Tyson; (4) arranged for shipping to Defendant in California; (5) paid the transportation costs; (6) invoiced Defendant; and (7) has attempted to collect the remaining unpaid amount from Defendant.

### F. CAUSE OF ACTION

15.   Plaintiff incorporates section E above as if fully restated herein.   Defendant has ordered goods from Plaintiff and failed to pay Plaintiff for same.   Federal Courts have recognized Texas law provides a substantive cause of action for a suit on sworn account in this situation. The essential elements of a suit on a sworn account are:[2]

1. A sale and delivery of the goods,

2. That the amount of the account is just, that is, that the prices are charged in accordance with an agreement or in the absence of an agreement, they are the usual, customary, and reasonable prices for those goods, and

3. That amount remains unpaid.

16.   Plaintiff sold and delivered goods to Defendant as identified in the invoices attached as Exhibit A.   The amount of the account is just and the prices were charged in accordance with the terms of an agreement.   In the alternative, the prices were usual, customary, and reasonable prices for the goods.   Defendant has made partial payment but $331,803.29 remains unpaid.

### G. **DAMAGES**

17.   Plaintiff seeks to recover the unpaid amount of $331,803.29 for the goods sold to

---

[2] *See Cinco J., Inc.*, 2015 U.S. Dist. LEXIS 55867 at *7, citing *Sunshine Traders of El Paso, Inc. v. Dolgencorp, Inc.*, 219 F. App'x 375, 377 (5th Cir. 2007). *Site Work Group, Inc. v. Chem. Lime Ltd.*, 171 S.W.3d 512, 513-14 (Tex. App.-Waco 2005, no pet.).

4

Defendant. Plaintiff also seeks to recover the interest charges Plaintiff incurred carrying Defendant's unpaid bills.

18. Because of Defendant's failure to pay, Plaintiff is forced to hire an attorney and institute these legal proceedings against Defendant. Tex. Civ. Prac. & Rem. Code §38.001(b)(7) specifically authorizes the recovery of attorney's fees as damages when the claim is for a sworn account. Plaintiff seeks to recover all attorney's fees from Defendant it may show itself legally entitled.

19. In addition to the damages specifically set forth herein, Plaintiff seeks to recover any and all damages it may show itself legally entitled, both in the past and the future, whether at law or in equity. Plaintiff seeks prejudgment and post-judgment interest in accordance with and at the maximum rate allowed by law, as well as costs of court.

## H. DEMAND FOR JURY TRIAL

20. Plaintiffs, in accordance with Federal Rule of Civil Procedure 38, hereby demands a trial by jury on all issues.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer and that on final trial Plaintiff have:

    a. Judgement for all damages resulting from Defendant's failure to pay, whether at law or in equity, Plaintiff may show itself justly entitled against the Defendant;

    b. Attorney's fees;

    b. Prejudgment and postjudgment interest at the maximum legal rate until paid;

    c. Costs of Court; and

    d. Such other and further relief to which the Plaintiff may be justly entitled.

Respectfully submitted,

CHANDLER, MATHIS & ZIVLEY, P.C.

By: _____/s/ Kirk Mathis_____
Kirk Mathis
State Bar No. 24006078
P.O. Box 340
Lufkin, TX   75902-0340
(936) 632-7778 – Phone
(936) 632-1304 – Fax
kmathis@cmzlaw.net

ATTORNEY FOR PLAINTIFF